**REVISED December 9, 2013**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20192
Summary Calendar

NOEL T. CONNELL,

Plaintiff – Appellant

v.

CITIMORTGAGE, INCORPORATED; HUGHES, WATTERS, & ASKANASE, L.L.P.,

Defendants – Appellees

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2013

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3265

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:*

Appellant Noel T. Connell filed a state court suit on the eve of CitiMortgage, Incorporated's ("CMI") scheduled foreclosure of his house. He joined Appellees CMI and Hughes, Watters, & Askanase ("HWA"), the law firm that made demand for his nonpayment of amounts allegedly due. CMI

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20192

removed the case to the federal district court, arguing that the law firm was fraudulently joined in the suit, rendering irrelevant its citizenship for diversity purposes. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Soon afterward, the district court set a pretrial conference to discuss the case. Immediately before the conference, Connell moved to remand because the law firm is also a Texas resident whose joinder as a defendant destroyed complete diversity.

During the hearing, it became clear that the court had not read and did not take time to review the just-filed motion to remand, nor did the court follow Appellees' arguments. Instead, the court characterized Connell's suit as arising under federal question jurisdiction, and it wrongly equated Connell's pleadings alleging violations of the Texas Finance Code with pleadings under the federal Fair Debt Collection Practices Act. On this basis alone, the court denied remand. Summary judgment was later awarded to the Appellees.

This court has been placed at a disadvantage on appeal. Because the issue of fraudulent joinder goes to the court's jurisdiction, we review it *de novo*. *La. ex rel. Caldwell v. Allstate Ins. Co.*, 536 F.3d 418, 425 (5th Cir. 2008). We cannot approve the trial court's methodology, however, which ignored the parties' pleadings and arguments in favor of its own creative evaluation of the case. We must therefore start over without the benefit of a reliable district court ruling.

First, the question of diversity jurisdiction is reviewed based on the pleadings at the time of removal. *Cavallini v. State Farm Mu. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). Second, in addressing a claim of fraudulent joinder, the question is whether there is no possibility that the plaintiff could prevail on a claim asserted against an in-state defendant. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).

2

No. 13-20192

Connell acknowledges that his state court pleading asserted the wrong section of the Texas Finance Code as the basis of a claim against the law firm, which is not a "credit bureau." *Cf.* Tex. Fin. Code § 392.201 *with* § 392.202. Connell did not seek to cure this pleading defect until after Appellees' motions for summary judgment had been filed. His state court pleading must be the operative pleading for analysis of diversity jurisdiction. Because Connell's pleading relied on an inapposite statutory provision, there was "no possibility" that he could prevail against the law firm on this claim. There was also no reasonable possibility that Connell would recover against the law firm under asserted claims applying specifically to debt collectors. *See* Tex. Fin. Code §§ 392.303(a)(2) and 392.304(a)(8). The Texas Finance Code specifically excludes "an attorney collecting a debt as an attorney on behalf of and in the name of a client" from the meaning of debt collector, and Connell did not allege in his pleadings that the law firm qualified as a debt collector under the two exceptions to this exclusion. *See* Tex. Fin. Code § 392.001(7). Therefore, jurisdiction was proper in the federal court.

The remainder of the proceeding against Connell, although short-lived, shows no reversible error. The court did not abuse its discretion in rejecting his amended pleading. *Ballard v. Devon Energy Prod. Co.*, 678 F.3d 360, 364 (5th Cir. 2012). Connell had been placed on notice immediately upon the filing of the removal that CMI claimed fraudulent joinder, and he knew the reason was the mischaracterization of the law firm's status under state law. Yet he waited three months, until after the summary judgment motions and his responses had been filed, to amend and state a different provision of the Texas Finance Code relevant to the law firm's conduct. The court was not required to stop in midstream for Connell to amend his pleadings.

Because Connell challenges only the court's procedure and not its substantive summary judgment ruling, we do not consider the merits of the

No. 13-20192

ruling. The record of the hearing displays the court's verbally articulated reasoning in granting summary judgment; the reasoning was sufficiently clear and connected to the Appellees' motion that Connell is not prejudiced in any way by the absence of a written opinion. The court did not abuse its discretion in ruling on the record rather than by writing an opinion. *See Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1359 (5th Cir. 1983).

For these reasons, the judgment against Appellant is AFFIRMED.